**COLLINS v. FINLEY.**

No. 8514.

Circuit Court of Appeals, Ninth Circuit.
Feb. 24, 1938.

John W. Ray, of Phœnix, Ariz., for appellant.

Stanley A, Jerman, of Phoenix, Ariz., Isaac Eastvold, of Prescott, Ariz., and Scott L. Norviel and Allan K. Perry, both of Phœnix, Ariz., for appellee.

Before DENMAN, STEPHENS, and HEALY, Circuit Judges.

DENMAN, Circuit Judge.

This is an appeal from a decree quieting title to a parcel of land situated in Lount tract in Churchills addition to the city of Phoenix, county of Maricopa, state of Arizona, in the appellee Finley.

The lower court held that the title to this property had been quieted in Finley in prior litigation in the Arizona superior court and, on the basis of the matter be-ing res judicata, decreed that appellant-plaintiff has no interest, legal or equitable, in the property, and that she be enjoined from asserting such interest against appel-lee.

The brief of appellant presents a con-fused statement of the points it seeks to raise. Its assignments of error concerning the admission of evidence are defective in their failure to set forth the evidence sought to be considered by the assignments. Though assigned in a highly inartificial manner, we are able to gather that appel-lant claims error, first, in the admission of the record in the prior litigation, and second, in deciding against appellant be-cause that record fails to show that the pleading of Finley raised the question whether the title was in him or in the present appellant.

The prior adjudication was a suit to quiet title between the appellant by the same guardian ad litem as appears here and one James Dean Collins, involving, as stated, the same property, in which the appellee Finley intervened. The record here does not contain a copy of his an-swer in intervention, but its provisions are adequately described in the agreed state-ment of facts as denying title in the plain-tiff, claiming it in the intervenor by virtue of a decree of foreclosure in a third suit in the District Court of the United States for the District of Arizona, and with the following prayer for relief: "That the plaintiff take nothing by her action, and that it be adjudged and decreed that the plaintiff and defendant herein * * * are and each of them is barred and estop-ped from asserting, declaring, or claiming that the deed mentioned and described in the complaint herein is invalid or void or of no effect; and that it be adjudged and decreed that that portion of the property described in the complaint, which is in this answer described and alleged to be subject to the mortgage and decree of foreclosure hereinbefore referred to, * * or any of the other parties hereto, may have herein, is subject to the decree of foreclosure made, given and entered in the District Court of the United States, in and for the District of Arizona as set forth in this answer; and that this inter-venor have such other and further relief as to the Court may seem meet, together with his costs herein expended."

We hold that the answer in inter-vention in this prior suit to quiet title to

the same property sufficiently raised the issue between the appellee-intervenor's title and that of the appellant.

The judgment in this prior litigation is therefore based on an issue properly raised between the parties, and the District Court committed no error in holding it to be res judicata of the issue presented in this suit.

Since there is no basis for appellant's claim that the issue was improperly raised in the prior litigation, it is unnecessary for us to determine what would be the effect of the prior judgment if the intervenor was shown to be a defendant but not shown by the pleadings to have properly raised the issue in dispute.

Affirmed.