407 P.2d 781

**Stanley M. SECRIST and Helen W. Secrist, husband and wife, and Hazel W. Gore, an unmarried woman, Appellants,**

v.

**STATE of Arizona, Appellee.***

**No. 2 CA–CIV 66.**

Court of Appeals of Arizona.

Nov. 17, 1965.

Fickett & Dunipace, by Fred W. Fickett, Tucson, Fickett & Brown, by Lee H. Brown, Tucson, for appellants.

Robert W. Pickrell, Former Atty. Gen., Darrell F. Smith, Atty. Gen., by Charles C.

---

* This appeal was filed with the Arizona Supreme Court and assigned that Court's Number 8003. The matter was referred to this Court pursuant to Section 12–120.-23 A.R.S.

Royall, Asst. Atty. Gen., and Dale Shumway, Sp. Asst. Atty. Gen., for appellee.

CAMERON, Judge.

Plaintiffs brought an action in quiet title to certain real property located in Pima County. Trial was held before the Court Commissioner on stipulation and upon an agreed statement of facts. From a judgment in favor of the State of Arizona, the plaintiffs bring this appeal.

We are called upon to determine the effect of the failure of the State of Arizona to appeal an order denying the State's motion to set aside a judgment foreclosing the right of the State to redeem property purchased by the plaintiffs at a tax sale.

The essential facts necessary for a determination of this matter are as follows: A Certificate of Purchase was issued in the manner required by law by the State Land Department of the State of Arizona on 29 November, 1926, and recorded in the office of the Pima County Recorder. The Certificate of Purchase remained in full force and effect until it was forfeited and cancelled by the State Land Department on 4 November, 1942, because of default in making the payments required. The records of Pima County and the State Land Department do not reflect any notice in writing or otherwise given that the said certificate had been forfeited.

The property was placed on the tax rolls of Pima County in 1928, and taxes were paid thereon through the year 1937. No taxes were paid on said property for the years between 1938 and 1941, inclusive. On 1 March, 1944, the Treasurer of Pima County, in the manner required by law, struck-off and sold to the State of Arizona the above described property for non-payment of taxes for the years 1938, 1939, 1940 and 1941 only. On 11 December, 1945, the plaintiffs herein purchased the Treasurer's certificate for the amount of the strike-off to the State, plus fee and interest, and plus taxes for the years 1942, 1943 and 1944, which had accrued against said property after the tax sale, and the County Treasurer, as required by law, assigned the said Treasurer's Certificate of Purchase to the plaintiffs.

In the spring of 1947, plaintiffs brought an action in the Superior Court of Pima County (28368) for the purpose of foreclosing any and all rights of redemption of any and all interested parties therein. In said action, one of the defendants was the State of Arizona. The record does not show that the State of Arizona was served with a copy of the summons, but on 3 April, 1947, the County Attorney of Pima County filed an answer on behalf of the State of Arizona. At the trial of said cause, on 2 July, 1947, the State of Arizona was represented by the Deputy County Attorney of Pima County, and final judgment in said cause affecting the real property, was entered, and an abstract of said judgment was recorded on 3 July, 1947. Said written judgment was approved as to form by the Deputy County Attorney as "Attorney for the State of Arizona". Following said judgment, a Treasurer's Deed was issued conveying to the plaintiffs said real property, which deed was also recorded in the office of the County Recorder of Pima County. Since said recording, the real property has been assessed on the tax rolls of Pima County against the plaintiffs. All of the taxes on said property since the year 1944 have been paid by said record owners.

On 9 July, 1958, the State Land Department sent to the Pima County Treasurer's office, a letter to the effect that the Certificate of Purchase of 29 November, 1926, had been cancelled. On 27 April, 1959, the Attorney General filed a motion to vacate the judgment of 2 July, 1947 (28368).

The motion to vacate judgment was denied by minute entry on 26 October, 1959. No appeal was taken by the State of Arizona and time for appeal has expired.

On 29 September, 1958, the plaintiffs filed a complaint (56674) in the Superior Court of Pima County, to quiet title in which the State of Arizona was listed as the sole defendant. Judgment was for de-

242

fendant, the State of Arizona and the plaintiffs appeal.

 Appellants contend that the order denying the State's motion to set aside judgment foreclosing the right of redemption is res adjudicata as to the State of Arizona. With this we agree. The motion raised jurisdictional questions including the questions of service and representation of the State by the County Attorney. The motion also asserted a valid defense in that the State claimed the land under forfeiture of the Certificate of Purchase of 1926. The minute entry denying the motion was made according to Rule 58(a), Rules of Civil Procedure, 16 A.R.S., as the rule existed prior to being amended in 1961. It was appealable within the meaning of Rule 73(b), Rules of Civil Procedure, and Section 12–2101 A.R.S. (then Section 21–1702 A.C.A.). The failure of the State to appeal at that time makes the judgment res adjudicata as to the parties thereto. We do not have to determine whether this motion was properly denied, we have only to determine whether it was denied. It being denied, the State is bound by the determination regardless of its correctness:

> "Between the erroneous and the correct judgment there is no distinction with regard to their conclusiveness." Shattuck v. Shattuck, 67 Ariz. 122, 130, 192 P.2d 229, 234 (1948).

 Appellees further urge that the land in question is "institutional land" and the State can be divested of title only in the manner authorized by the Enabling Act which reads in part:

> "Said lands shall not be sold or leased, in whole or in part, except to the highest and best bidder at a public auction * * * notice of which public auction shall first have been duly given by advertisement * * *." Sec. 28, Enabling Act of June 20, 1910, A.R.S. Vol. 1, p. 89.

It is not contended that the original sale in 1926 failed to comply with the provisions of the Enabling Act. The land was then placed in the commercial world and so remained until proper public notice of the cancellation of the 1926 certificate was given. The plaintiffs acquired their rights before such notice was given. This question was raised by the motion of 27 April, 1959, and was decided adversely to the State. The State is bound by said decision.

The judgment is reversed and remanded for further proceeding not inconsistent with this opinion.

STEVENS, C. J., and DONOFRIO, J., concurring.

This cause was decided by the Judges of Division One as authorized by § 12–120, subsec. E.