444 P.2d 730

STATE of Arizona ex rel. J. Fred TALLEY, State Real Estate Commissioner, Appellant,

v.

Carrie C. JONES, a widow, Appellee.

No. 2 CA–CIV 413.

Court of Appeals of Arizona.

Sept. 12, 1968.

Gary K. Nelson, Atty. Gen., Phoenix, Frank A. Parks, Asst. Atty. Gen., Phoenix, for appellant.

Merchant, Lohse & Bloom, by Ashby I. Lohse, Tucson, for appellee.

HATHAWAY, Chief Judge.

This is an appeal from an order of the Superior Court directing payment from the "real estate fund," A.R.S. § 32–2188, also called the "real estate recovery fund."

The plaintiff below, Carrie C. Jones, an elderly widow, decided to invest her life's savings in real estate mortgages. She became involved in two transactions wherein she transferred a total of $31,000 to Frannea Realty and Trust Company, a corporation solely owned and operated by M. A. Frannea and his wife, Genevieve C. Frannea. The Franneas executed promis-

sory notes to Mrs. Jones, totaling $31,000, and agreed to obtain first mortgages on specified properties, with Mrs. Jones as mortgagee.

When she learned that these mortgages were never obtained, Mrs. Jones filed suit, naming as defendants the Frannea Realty Company, Mr. and Mrs. Frannea, and the Western Surety Company. The State was granted permission to intervene, under the provisions of A.R.S. § 32–2188, subsec. A, after Mrs. Jones gave notice, the day after the complaint was filed, that a claim would be made upon the real estate fund in the event of a judgment in her favor. The trial resulted in a judgment against Frannea Realty, and the Franneas individually, in the amount of $31,000, plus cost, and against the Western Surety Company in the amount of $5,000 as surety on two $2,500 real estate broker's bonds, issued on behalf of Frannea Realty for the years 1964 and 1965 respectively. Frannea realty and the Franneas proved to be insolvent and only $5,000 (from Western Surety) was collected on the judgment. Mrs. Jones then sought to recover the balance of the judgment, insofar as possible, from the real estate fund under the provisions of A.R.S. § 32–2188 subsec. B, which reads:

"When any aggrieved person *recovers a valid judgment* in any court of competent jurisdiction against any real estate broker, real estate salesman, for any act, representation [,] transaction, or conduct which is in violation of the provisions of this chapter or the regulations promulgated pursuant thereto, *which occurred on or after July 1, 1964,* the aggrieved person may, upon the termination of all proceedings, *including reviews and appeals* in connection with the judgment, file a verified claim in the court in which the judgment was entered and, upon ten days' written notice to the real estate board, may apply to the court for an order directing payment out of the real estate recovery fund, of the amount unpaid upon the judgment, subject to the limitations stated in this

section [$10,000 per violation, under subsec. A]." (Emphasis supplied)

At the hearing on the claim submitted pursuant to the above section, the State opposed the request for payment from the fund on the ground that the violations occurred prior to July 1, 1964, the inception date of the recovery fund, and that, therefore, the act did not apply. The trial court ordered recovery from the fund, in the amount of $20,000, and the State brings this appeal from that order. The State contends that recovery should not have been allowed from the fund because the acts forming the basis for the judgment occurred prior to July 1, 1964.

When the State intervened at trial, it defended, inter alia, on the same ground raised here, that the violations of the statute occurred prior to July 1, 1964. It was determined at trial that no violation of the statute occurred until the Franneas were unable to procure the mortgages, which was some time subsequent to July 1, 1964, even though the loans were made prior to that date. No appeal was taken from that judgment.

■ Mrs. Jones contends here that the State is estopped, on the principle of res judicata, from reasserting a defense at the post-trial hearing after failing to appeal from the judgment at trial. We agree. Counsel for the State seem to be of the belief that the post-trial hearing, under A.R.S. § 32–2188, subsec. B is a *continuation* of the trial of the case and that the defense raised there is still valid. That belief is not in accord with the language of the foregoing section or that of the section prescribing the issues to be determined at the hearing. The latter, A.R.S. § 32–2188, subsec. C reads, in part, as follows:

"The court shall proceed upon such application *in a summary manner,* and, upon the hearing thereof, the aggrieved person shall be required to show:

"1. He is not a spouse of debtor, or the person representative of such spouse.

"2. He has complied with all the requirements of this section.

"3. *He has obtained a judgment* as set out in subsection B of this section, *stating the amount* thereof *and the amount owing* thereon at the date of the application, and that in such action he had joined any and all bonding companies which issued corporate surety bonds to the judgment debtors as principals.

[Items 4 through 7 require that the plaintiff prove that all efforts to satisfy the judgment from the assets of the judgment debtor have failed.]" (Emphasis supplied)

As can be seen, subsections B and C, taken together, indicate that a hearing on a motion for recovery from the fund is to be held when a valid judgment has been recovered and after "the termination of all proceedings, including reviews and appeals," and that the hearing is to be conducted "in a summary manner" to determine that a valid judgment has been obtained and cannot be satisfied from the assets of the judgment debtor. It is our opinion that the legislature intended that all issues as to the liability of the defendant realtor, and of the State via the real estate fund (at least when it has intervened), be determined in one action and that a "summary," supplemental hearing be conducted to establish the fact of judgment and inability to satisfy the judgment.

We hold that the issue as to when the violations of the statute occurred was finally determined in the trial and the State's failure to appeal from that decision requires us to invoke the principle of res judicata. Cf. Collins v. Finley, 94 F.2d 935 (9th Cir. 1938). See also Secrist v. State, 2 Ariz.App. 240, 407 P.2d 781 (1965); Day v. Wiswall's Estate, 93 Ariz. 400, 381 P.2d 217 (1963).

The order is affirmed.

KRUCKER, J., and RICHARD N. ROYLSTON, Superior Court Judge, concur.

NOTE: Judge JOHN F. MOLLOY having requested that he be relieved from consideration of this matter, Judge RICHARD N. ROYLSTON was called to sit in his stead and participate in the determination of this decision.