

# The Attorney General of Texas

June 21, 1978

JOHN L. HILL
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

723 Main, Suite 610
Houston, TX. 77002
713/228-0701

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4313 N. Tenth, Suite F
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity
Affirmative Action Employer

Honorable George N. Rodriguez, Jr.
El Paso County Attorney
Room 201, City County Bldg.
El Paso, Texas 79901

Opinion No. H- 1190

Re: Whether the commissioners court can control the operation of the county jail.

Dear Mr. Rodriguez:

You have requested an opinion concerning operation of the county jail. You have asked "whether the Commissioners' Court has the authority to supervise, direct or control the actual daily operation of the county jail." It is our opinion that the legislature has provided that the sheriff is the authority responsible for the operation of the jail.

Article 5116, V.T.C.S., provides in part:

(a) Each sheriff is the keeper of the jail of his county. He shall safely keep therein all prisoners committed thereto by lawful authority, subject to the order of the proper court, and shall be responsible for the safe keeping of such prisoners.

(b) The sheriff may appoint a jailor to take charge of the jail, and supply the wants of those therein confined; but in all cases the sheriff shall exercise a supervision and control over the jail.

(Emphasis added). This language is clear that the sheriff "shall exercise a supervision and control" and the nature of this authority is such that it precludes the commissioners court from such authority over the jail. The sheriff is the "keeper" of the jail. Keeper is defined as a "custodian, manager, or superintendent; one who has the care, custody or management of any thing or place; one who has or holds possession of anything." Black's Law Dictionary 1007 (4th ed. 1951). The sheriff has the authority to hire and fire the jailor and other personnel, V.T.C.S. article 5116, section b, article 2351c; Anderson v. Wood, 152 S.W.2d 1084 (Tex. 1941); Letter Advisory No. 116 (1975);

Honorable George N. Rodriguez, Jr.   -   Page 2   (H-1190)

Attorney General Opinion O-2444 (1940), and is responsible for the safekeeping of the jail, V.T.C.S. article 5116(a); Code of Criminal Procedure, article 16.21. The sheriff may be liable in a civil action for breach of this duty of safekeeping of prisoners. Browning v. Graves, 152 S.W.2d 515 (Tex. Civ. App. — Fort Worth 1941, writ ref'd). The sheriff in Whirl v. Kern, 407 F.2d 781 (5th Cir. 1968), cert. denied, 396 U.S. 901 (1969), was held liable for failing to release a prisoner after the charges had been dropped. The court said "the statutory obligations of a Texas sheriff are not amorphous ones." Id. at 794. "Article 5116, places the responsibility for the county jail directly upon the county sheriff. . . ." Id. at 795; see art. 5115c, V.T.C.S.; but see Attorney General Opinion H-544 (1975) and cases cited therein.

The authority of the commissioners court, on the other hand, is of a broader and more general scope which does not require actual operation of the jails although monitoring and observation would certainly be proper. Generally, the "Commissioners Court is responsible for funding the agencies which comprise the criminal justice system." Alberti v. Sheriff of Harris County, 406 F. Supp. 649, 659 (S.D. Tex. 1975) (unsafe and crowded jail conditions). Article 5115, V.T.C.S., provides that

> The Commissioners Court shall provide safe and suitable jails for their respective counties, and shall cause the same to be maintained in good sanitary condition at all times, properly ventilated, heated and lighted; structurally sound, fire resistant and kept in good repair. Furthermore, they shall cause the jails in their respective counties to be kept in a clean and healthy condition, provided with water of safe quality and ample quantity and sewer disposal facilities in accordance with good sanitary standards, and provided with clean, comfortable mattresses and blankets, sufficient for the comfort of the prisoners, and that food is prepared and served in a palatable and sanitary manner and according to good dietary practices and of a quality to maintain good health. Such jails shall comply with the provisions of this Act and with the rules and procedures of the Commission on Jail Standards.

Article 2351, V.T.C.S., provides that "Each commissioners court shall: . . . [p]rovide and keep in repair court houses, jails and all necessary public buildings." Article 1603, V.T.C.S., has a similar provision. The county, for which the commissioners court is the governing body, is liable for the expense of the jail and safekeeping of the prisoners. Code Crim. Proc. art. 1037. The court approves and compensates the employees selected by the sheriff for employment in the jail, article 6871, V.T.C.S.; Attorney General Opinion O-2444 (1940); however, the court cannot

interfere with the employment relationships within the office of an elected official. V.T.C.S. art. 3092. The authority of the commissioners court over the jail is limited to providing the jail, adequate funding, and broad operational guidelines which leave the actual operation of the jail with the sheriff.

## SUMMARY

Authority to supervise, direct or control the actual daily operation of a county jail is vested in the office of the sheriff although the commissioners court does have general responsibilities in connection with the operation of the jail.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jsn