596 P.2d 701

FRATERNAL ORDER OF POLICE, LODGE 2, an Arizona non-profit corporation, Petitioner,

v.

The SUPERIOR COURT of the State of Arizona, IN AND FOR the COUNTY OF MARICOPA, and Gerald J. Strick, a Judge thereof, and the Phoenix Employee Relations Board, William H. Gooding, Carl A. Lind, and Raymond Wells, as members of the Phoenix Employee Relations Board, and the Phoenix Law Enforcement Association, an Arizona nonprofit corporation, Respondents.

No. 14358.

Supreme Court of Arizona, In Banc.

June 13, 1979.

Marvin Johnson, P. C. by John P. Otto, Phoenix, for petitioner.

Robert C. Whitten, Phoenix, for Phoenix Employee Relations Bd.

Napier & Jones by Michael Napier, Phoenix, for Phoenix Law Enforcement Ass'n.

HOLOHAN, Justice.

The petitioner, Fraternal Order of Police, Lodge 2, brought this special action to vacate and set aside the order of the respondent judge which enjoined the respondent employee relations board from conducting an election to determine the authorized representative of the employees of the Phoenix Police Department. We accepted jurisdiction to resolve the conflict between the order of the respondent judge and a prior order issued by Judge Paul W. LaPrade directing the same employee relations board to hold an election to determine the proper representative for the employees of the Phoenix Police Department.

The petitioner and respondent Phoenix Law Enforcement Association are opponents in an effort to be designated the authorized representative of the employees of the Phoenix Police Department. Currently the respondent association is the designated representative, but the petitioner has sought an election to replace the association as the authorized employee representative.

Finding itself thwarted in its efforts to persuade the respondent employee relations board to call an election, the petitioner sought relief in the superior court (Maricopa County Superior Court No. 377834). The petitioner was successful in obtaining a judgment on February 20, 1979 signed by Judge LaPrade which ordered the Phoenix Employee Relations Board, one of the named respondents in this cause, to hold an election forthwith to determine the proper authorized representative for the employees of the Phoenix Police Department. The employee relations board and law enforcement association filed an appeal. Although no stay has been issued, there has never been compliance with the judgment. The respondents sought relief by special action in this court which was declined. Finally the respondent association filed an action in the superior court seeking to have the petitioner disqualified as a bargaining representative for the employees of the police

department and to enjoin the respondent employee relations board from holding an election to determine the bargaining representative for the employees of the police department (Maricopa County Superior Court No. 384053).

The petitioner contends that the respondent judge had no jurisdiction to issue an injunction forbidding the holding of an election for determination of an employee bargaining representative. Any action taken by the respondent judge would be in conflict with the previous rulings of Judge LaPrade. We agree.

■ The respondent judge, in effect, was acting as a reviewing court of a judge on the same court. He had no jurisdiction to review or change the judgment of a judge with identical jurisdiction. *See Stuart v. Winslow Elementary School District No. 1,* 100 Ariz. 375, 414 P.2d 976 (1966). What resulted is two judges with identical general jurisdiction granting conflicting judgments in separate cases involving the same subject matter.

The respondents argue that the second action filed before the respondent judge did not involve the same subject. They argue that the issue of the petitioner's eligibility to be an employee representative was not litigated in the first action heard by Judge LaPrade. The record does not support respondents.

■ The pleadings filed in the action heard by Judge LaPrade show that the petitioner alleged that it was eligible to become the authorized representative of the police department employees. This allegation was denied by the respondents. The respondent association specifically set forth in its answer the reasons why the petitioner was not qualified to be an employee representative. The ruling and judgment by Judge LaPrade resolved this issue contrary to the position of respondents. It became *res judicata.*

Subsequent to Judge LaPrade's judgment, the respondent board conducted an administrative hearing on the question of the eligibility of petitioner to be an employ-

ee representative. The respondent board maintains that it had a charge pending since October 30, 1978, prior to the filing of the action heard by Judge LaPrade. The charge was filed by respondent association contesting the eligibility of petitioner to be an employee representative. The respondent board did not hold a hearing on the issue until March 1, 1979. The respondent board contends that it has the authority under the city ordinance covering labor relations (Ordinance No. G–1532) to review and determine whether an organization meets the legal requirements of an employee representative. The respondent board points out that it has the jurisdiction under the ordinance to make the determination of the qualifications possessed by a prospective employee representative. Once this determination is made it is subject to judicial review. Since the determination was not made by the board until after the entry of judgment by Judge LaPrade, the respondent board contends that the issue of petitioner's eligibility could not have been considered by Judge LaPrade. The respondent board argues that the issues before Judge LaPrade were not concerned with eligibility but with entirely other unrelated matters.

■ The respondent board overlooks the longstanding rule that when the court has jurisdiction over the subject matter, a judgment is not only *res judicata* as to every issue decided, but it is also *res judicata* as to any issue raised by the record. *Taylor v. Betts,* 59 Ariz. 172, 124 P.2d 764 (1942); *State ex rel. Lassen v. Self-Realization Fellowship Church,* 21 Ariz.App. 233, 517 P.2d 1280 (1974). The fact that the issue may have been determined incorrectly does not affect the principle of *res judicata. Shattuck v. Shattuck,* 67 Ariz. 122, 192 P.2d 229 (1948); *Secrist v. State,* 2 Ariz.App. 240, 407 P.2d 781 (1965).

Judge LaPrade had jurisdiction of the subject matter of the first action; the issue of eligibility of petitioner to be an employee representative was raised in the action; the judgment granted the relief sought by petitioner. The issue of petitioner's eligibility to become an employee representative was resolved implicitly in the judgment. Even

if wrongly determined, and we express no opinion on the merits, the issue was *res judicata*. Respondents' remedy was by appeal.

The second action heard by the respondent judge was nothing more than a collateral attack on the judgment entered by Judge LaPrade. The second action should have been dismissed because there was no jurisdiction in the respondent judge to review, alter, or change the judgments of a judge with the same jurisdiction.

The order and judgment of the respondent judge is vacated, and the action is remanded to the respondent judge with directions to dismiss the action (Maricopa County Superior Court No. 384053).

Relief granted.

CAMERON, C. J., STRUCKMEYER, V. C. J., and HAYS and GORDON, JJ., concur.