642 P.2d 890

**Martin GAMBURG and Marlene Gamburg, husband and wife, Plaintiffs/Counterdefendants/Appellants,**

v.

**Jack COOPER and Oleine Cooper, husband and wife, Defendants/Counterclaimants/Appellees.**

**No. 2 CA–CIV 4178.**

Court of Appeals of Arizona, Division 2.

Feb. 26, 1982.

Ronald J. Kalish, Tucson, for plaintiffs/counterdefendants/appellants.

Slutes, Browning, Sakrison & Grant, P. C. by James M. Sakrison, Tucson, for defendants/counterclaimants/appellees.

## OPINION

HOWARD, Chief Judge.

The issue in this case is whether the trial court erred in ruling that appellants, as owners of a servient estate, could not put gates across an easement for ingress and egress.

The parties are adjacent landowners with the property of appellants being due west of appellees' property. Since 1947 appellees have had a perpetual easement by grant for ingress and egress along the south 15 feet and west 30 feet of appellants' property. In 1978 appellants put a gate across the 30-foot easement and one across the 15-foot easement. This caused a dispute between the parties and a great deal of animosity. Prior to 1978 no gates had ever existed across the easements.

Appellants filed a complaint in the superior court alleging that the appellees failed to keep the gates closed, damaged the gates and caused other damages by failing to keep the gates closed. Appellees counterclaimed alleging several counts for damages and asking the court to issue a mandatory injunction requiring appellants to remove the gates. A hearing was held on each parties' request for a preliminary injunction. The trial court denied appellants preliminary injunctive relief, but granted such relief to appellees and ordered that appellants be enjoined from obstructing the existing easement by gates or any other obstruction.

Approximately two years later the case went to trial. The parties stipulated that all testimony and the transcript of the prior preliminary injunction proceeding could be used by the court in making its determination on the issues. After a two-day trial the court, sitting without a jury, found in favor of appellees and against appellants on the appellees' counterclaim. The court ordered that appellants remove any and all fences, gates or other obstructions from the easement and permanently enjoined them from obstructing the easement by gates, water or any other type of obstruction. It further awarded appellees damages in the total sum of $3,000 plus punitive damages in the sum of $1,000 and attorney's fees. Although appellants have appealed from the entire judgment, they only argue against that part of the judgment which granted appellees injunctive relief.

A landowner may maintain a gate across a way acquired by grant if it is necessary for the use of the servient estate and not an unreasonable interference with the right of passage, unless there is an express or implied prohibition of such gate. *Jordan v. Guinn*, 253 Ark. 315, 485 S.W.2d 715 (1972); and see Annot. 52 A.L.R.3d 9, § 3 at 21 et seq. Whether or not the gates unreasonably interfere with the right of passage depends upon the facts and circumstances of the particular case and is a question of fact for the trier of fact. *Jordan v. Guinn*, supra.

Since appellants have failed to provide us with a transcript of the trial, we presume the evidence adduced at trial supports the judgment of the trial court, *Bryant v. Thunderbird Academy*, 103 Ariz. 247, 439 P.2d 818 (1968); *Walker v. Walker*,

18 Ariz.App. 113, 500 P.2d 898 (1972), and therefore supports a conclusion that the gates were not necessary for the use of the servient estate or they constituted an unreasonable interference with the right of passage, or both.

Affirmed.

HATHAWAY and BIRDSALL, JJ., concur.