## 1705

XANADU HORIZONTAL PROPERTY REGIME, Appellant v. OCEAN WALK HORIZONTAL PROPERTY REGIME, JHP Hotel Corporation and Cleckley & McGee, Inc., Respondents.

(410 S.E. (2d) 500)

Court of Appeals

*Warren C. Powell, Jr.,* of *Bruner & Powell,* and *Clayton Walker, Jr.,* of *Belser, Baker, Barwick, Ravenel & Bender,* Columbia, *for appellant.*

*William C. Clark,* of *Black & Biel,* and *Drew A. Laughlin,* of *McNair Law Firm,* Hilton Head Island, *for respondents.*

Heard Sept. 11, 1991.

Decided Oct. 4, 1991.

GOOLSBY, Judge:

Xanadu Horizontal Property Regime sought to enjoin Ocean Walk Horizontal Property Regime, JHP Hotel Corporation, and Cleckley and McGee, Inc., from constructing parking spaces on property subject to a non-exclusive easement of ingress and egress owned by Xanadu. The trial judge denied Xanadu injunctive relief. Xanadu appeals. We reverse and remand.

In 1979, Third Financial Services, Inc., by an instrument entitled a "grant of easement," conveyed to Xanadu "[a] perpetual non-exclusive easement of ingress and egress located on a portion of property of Third Financial Services, Inc.[,] shown and described on a[n] [attached] plat. . . ." The plat, entitled "Ingress-Egress XANADU CONDOMINIUMS," depicts a rectangular area measuring 50 feet wide and 383 feet long, consisting of 0.44 acre, and adjoining South Forest Beach Drive, a street on Hilton Head Island.

Nine years later, Delta Group and Stanley J. Turner acquired a similar, though not identical, easement over a portion of the same property from Ocean Walk, Third Financial's successor in title. In September 1988, Delta Group and Turner assigned their easement to JHP. JHP subsequently contracted with Cleckley and McGee to construct parking spaces on property over which both Xanadu and JHP hold a non-exclusive easement of ingress and egress.

Xanadu brought this action, alleging the parking spaces will interfere with its right "to utilize the [p]roperty for ingress and egress."

Although the trial judge recognized the parking spaces "[will] result in the present paved passage way on the easement being narrowed," he held the planned parking spaces

"do not unlawfully [sic] interfere with Xanadu's . . . easement. . . ."

We agree with Xanadu's contention that the grant of easement in issue here is specific in its terms as to the easement's width, length, and location. Since it is so, the easement cannot be constricted to any degree by the placement of parking spaces thereon. *See Aladdin Petroleum Corp. v. Gold Crown Properties, Inc.*, 221 Kan. 579, 584, 561 P. (2d) 818, 822 (1977) ("The law appears to be settled that where the width, length and location of an easement for ingress and egress have been expressly set forth in the instrument the easement is specific and definite" and "[t]he expressed terms of the grant . . . are controlling in such case. . . ."); *Rudolph Wurlitzer Co. v. State Bank of Chicago*, 290 Ill. 72, 82, 124 N.E. 844, 848 (1919) ("The right to the land in question being a right of passageway and the boundaries of said land beng defined, it follows that the right of passageway existed as to all the land within those boundaries, and appellee had no right to obstruct any portion of it. . . ."); *Flower v. Valentine*, 135 Ill. App. (3d) 1034, 1040, 90 Ill. Dec. 703, 708, 482 N.E. (2d) 682, 687 (1985) ("It is well established that the owner of a right of way for ingress and egress has the right to use the full width of the area or strip having definite boundaries unhampered by obstructions placed thereon."); *Onorati v. O'Donnell*, 3 Mass. App. 739, 326 N.E. (2d) 367 (1975) (where a description of an easement is clear, explicit and free from ambiguity, it is inappropriate to restrict vehicular use to less than the full 20 feet granted); *see also Consolidated Amusement Co., Ltd. v. Waikiki Business Plaza, Inc.*, 6 Haw. App. 312, 719 P. (2d) 1119 (1986); *Squaw Peak Community Covenant Church v. Anozira Development, Inc.*, 149 Ariz. 409, 719 P. (2d) 295 (Ct. App. 1986); *Hoff v. Scott*, 453 So. (2d) 224 (Fla. App. 1984); *Lindhorst v. Wright*, 616 P. (2d) 450 (Okla. App. 1980); *see generally* 3 TIFFANY, REAL PROPERTY § 805 at 331-32 (3d ed. 1939); 25 Am. Jur. (2d) *Easements and Licenses* § 73, at 479 (1966); 28 C.J.S. *Easements* § 75, at 753 (1941).

Because the trial court recognized JHP's parking plan would restrict Xanadu's easement, the injunction sought by Xanadu should have been granted. We therefore reverse and remand for entry of an injunction.

Reversed and remanded.

SANDERS, C.J., and GARDNER, J., concur.