NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

FOUR SEAS PROPERTY MANAGEMENT, LLC, an Arizona limited
liability company; REED R. JOHNSON and MARCIANNE JOHNSON,
husband and wife, *Plaintiffs/Appellants*,

*v.*

THE BRUCE AND ANN BROWN LIMITED PARTNERSHIP, an Arizona
limited partnership; BRUCE BROWN and ANN BROWN, husband and
wife, *Defendants/Appellees*.

No. 1 CA-CV 14-0005
FILED 5-5-2015

Appeal from the Superior Court in Maricopa County
No. CV2006-052892
The Honorable Colleen L. French, Judge
The Honorable Thomas L. LeClaire, Judge

**AFFIRMED IN PART AND VACATED IN PART**

COUNSEL

Teresa H. Foster, PLLC, Phoenix
*Counsel for Plaintiffs/Appellants*

Roger T. Hargrove, Phoenix
*Counsel for Defendants/Appellees*

**MEMORANDUM DECISION**

Presiding Judge Samuel A. Thumma delivered the decision of the Court, in which Judge Patricia A. Orozco and Judge Michael J. Brown joined.

**T H U M M A**, Judge:

¶1        Plaintiffs Four Seas Property Management, LLC, and Reed R. and Marcianne Johnson appeal from a judgment in favor of defendants Bruce and Ann Brown Limited Partnership and Bruce and Ann Brown (collectively, the Browns) on Plaintiffs' tortious interference with easement claim. Plaintiffs argue the superior court improperly allowed a horizontal appeal in determining the effective date of the easement and improperly awarded attorneys' fees to the Browns. Because Plaintiffs have not shown the superior court erred in determining the effective date of the easement, that portion of the judgment is affirmed. However, because Plaintiffs' tortious interference with easement claim did not arise out of contract for purposes of statutory fee shifting, that portion of the judgment awarding attorneys' fees to the Browns is vacated.

**FACTS AND PROCEDURAL HISTORY**

¶2        This case arises out of various transfers of 22 acres of land near Heber, Arizona, originally owned by Stephen W. and Carol Murphey (the Murpheys). *Four Seas Prop. Mgmt., LLC v. Brown*, No. 1 CA-CV 08-0831, 2009 WL 5062126 at *1 ¶ 3 (Ariz. App. Dec. 24, 2009).

¶3        In October 2005, the Browns purchased from the Murpheys the north 10 acres (the north parcel), which was bisected by a road generally running in a northeast-to-southwest direction. *Id.* at ¶¶ 3–5. The purchase contract stated the road "shall be a dedicated public roadway and utility easement 25 feet in width. [The Murpheys] shall provide a survey of this easement through escrow." *Id.* at ¶ 3. A warranty deed for this sale was recorded in October 2005, but "did not contain a legal description of the property." *Id.* at ¶ 6.

¶4        In May 2006, Plaintiffs purchased from the Murpheys the remaining 12 acres (the south parcel). *Id.* at *2 ¶ 7. Plaintiffs were informed they could access the south parcel through an easement across the north parcel, then owned by the Browns. *Id.*

¶5          In June 2006, Plaintiffs told the Browns they planned to use the road on the north parcel to access the south parcel. *Id.* at *2 ¶ 8. The Browns took the position that Plaintiffs had no right to use the road on the north parcel. *See id.* The Browns then contacted the title company, which re-recorded the warranty deed from the Murpheys to the Browns to include a legal description. *Id.* This re-recorded deed did not, however, reference an easement on the north parcel. *Id.* In August 2006, the Browns blocked the road on the north parcel so that Plaintiffs could not use the road. *Id.* at ¶ 9.

¶6          Plaintiffs then filed this action against the Browns and the Murpheys, alleging breach of contract, quiet title seeking reformation of the deed to include the easement to use the road, breach of fiduciary duty, negligence, negligent misrepresentation and interference with easement claims. The Browns counterclaimed, alleging quiet title and trespass claims against Plaintiffs. The Murpheys cross-claimed against the Browns, alleging breach of contract and seeking deed reformation. And others were joined as parties as well. The case involved substantial discovery and motion practice and ultimately five different superior court judicial officers issued rulings. As relevant here, these various claims resulted in three judgments.

## I.     Judgment 1.

¶7          The superior court granted the Murpheys' motion for partial summary judgment (which Plaintiffs had joined) reforming the October 2005 deed transferring the north parcel from the Murpheys to the Browns to reflect an easement for a public road across the north parcel in favor of the south parcel. On July 11, 2008, the court entered a partial judgment in favor of the Murpheys and Plaintiffs and against the Browns reflecting these rulings (Judgment 1). *See* Ariz. R. Civ. P. 54(b) (2015).[1] The substance of Judgment 1 was that the October 2005 deed transferring the north parcel from the Murpheys to the Browns:

> shall be reformed to include an easement in favor of [the] Murphey[s] (and Murphey[s'] successors in interest to the [south parcel]). Said easement shall be a dedicated public roadway and utility easement twenty-five (25) feet in width located in the middle twenty-five (25) feet

---

[1] Absent material revisions after the relevant dates, statutes and rules cited refer to the current version unless otherwise indicated.

of the thirty (30) foot easement recorded [with the Navajo County Recorder].

The easement shall be effective upon the recording of this judgment and such easement shall run with the land and be binding upon the owners' successors and assigns.

On July 18, 2008, Plaintiffs recorded Judgment 1. The Browns appealed Judgment 1, this court affirmed, *id.* at *1 ¶ 1, and the mandate in that appeal issued in February 2010. As relevant here, Judgment 1 establishes that a public road easement that benefits the south parcel exists, a determination that became final years ago and is binding on all parties to this appeal. *See Davis v. Davis*, 195 Ariz. 158, 161 ¶ 11, 985 P.2d 643, 646 (App. 1999).

## II.    Judgment 2.

¶8        The Murpheys sought summary judgment against Plaintiffs, arguing the south parcel "allowed for an easement across the Browns' property to Plaintiffs, and accordingly, there is no material misrepresentation that could cause any damage to the Plaintiffs." The Murpheys also argued Plaintiffs could not show they had been damaged by the Murpheys. The Browns sought summary judgment against Plaintiffs, arguing the easement "was created" by Judgment 1 and "became effective upon recording" on July 18, 2008 and that "there is no factual basis for liability since it is undisputed that at no time since the creation of the easement by [the recording of Judgment 1] . . . have [the] Browns interfered in any manner with" Plaintiffs' use of the easement.

¶9        Plaintiffs argued their easement to use the road on the north parcel existed when Plaintiffs purchased the south parcel from the Murpheys in 2006 (based on the 2005 transfer of the north parcel from the Murpheys to the Browns). In doing so, Plaintiffs argued Judgment 1 as recorded "did not '*create*' an easement, but simply declared the validity of an *existing easement* and *reformed* a prior recorded *deed*." Plaintiffs further argued that they had established their claims against the Murpheys, including damages and that the Browns tortiously interfered with Plaintiffs' easement rights by blocking the road.

¶10        At oral argument, the court stated that "essential to a determination of these motions is a decision . . . as to when the easement was created, whether it was created at the time of the [2005] contract [between the Murpheys and the Browns] or the reformation by [Judgment 1, recorded July 18, 2008] that was affirmed by the court of appeals."

4

Plaintiffs agreed they were arguing "that the reformation . . . related back to the date of the contract." Plaintiffs' also argued, however, that they "didn't have the right to use that easement until we had that court of appeals mandate" in the appeal of Judgment 1, adding

> I mean, technically, with regards to Murphey and Brown, absolutely it relates back to there and says it was reformed as of that date. But we still, in the meantime, had no right to use that and no right to sell that property until we had a legal document confirming – basically like a declaratory judgment, confirming that there was that right.

¶11 Ultimately, the court granted the Murpheys' motion for summary judgment, finding

> there are no genuine issues of material fact and that Murphey[s are] entitled to summary judgment as a matter of law.
>
> The Court finds there is no reasonable interpretation of the actions of Murphey[s] that could be construed as negligent misrepresentations to Plaintiff[s], and there are no genuine issues of material fact that support Plaintiffs' claim that Murphey[s] breached its contract with Plaintiffs.
>
> Plaintiffs' claims against Murphey[s] are dismissed in full.

¶12 The court denied the Browns' motion for summary judgment, finding "there are genuine issues of material fact as to whether or not the Browns interfered with Plaintiff's easement, and . . . the extent of the damages to which Plaintiff may be entitled as a result of the Brown's actions." The court's minute entry explained

> that Plaintiff[s'] right to use the easement was created by [the contract between the Murpheys and the Browns], and not dependent *solely* on the date of deed reformation. The fact that Brown[s] and Plaintiff[s] had no privity of contract is not relevant as Plaintiff[s] had a right

5

> to rely on the existence of the easement based on
> the contract between Brown[s] and Murphey[s],
> and the representations of [the] Murphey[s]
> pursuant to the Brown/Murphey contract.

(Emphasis added). In February 2011, the superior court entered a partial judgment reflecting this grant of the Murpheys' motion for summary judgment on Plaintiffs' claims against them (Judgment 2). *See* Ariz. R. Civ. P. 54(b). Although Plaintiffs appealed from Judgment 2, they later abandoned that appeal, which was dismissed in November 2011.

¶13 Because the superior court's rulings found disputed issues of material fact precluded summary judgment on Plaintiffs' claims against the Browns, Judgment 2 did not resolve those claims. Instead, Judgment 2 was titled "Judgment re: Plaintiffs' Claims Against Murphey[s]" and no relief for or against the Browns, or claim by or against the Browns, was mentioned in or resolved by Judgment 2.

## III.    Judgment 3.

¶14 After additional motion practice (including, as discussed below, an interlocutory summary judgment ruling rejecting the Browns' claims against a title company), the superior court held a two-day bench trial on Plaintiffs' intentional interference with easement claim against the Browns. Before the evidentiary presentation began on the first day of trial, a minute entry notes the court had reviewed filings leading up to Judgment 2 and found

> that the issue of when the easement was created
> was addressed [previously. Judgment 2] ruled
> that the easement was created by the contract
> and was not solely dependent on the date of the
> deed of reformation. For this trial, the Court will
> examine any interference with that easement
> from the time of the contract and the allegation
> of damages.

The trial evidence included testimony from four witnesses and nearly 100 exhibits. Among other things, Bruce Brown testified to an understanding that the easement only took effect when Judgment 1 was recorded on July 18, 2008. The Browns further testified the blockage of the road on the north parcel was removed on July 14, 2008, several days before Judgment 1 was recorded.

¶15 After trial, the superior court found in favor of the Browns on Plaintiffs' tortious interference with easement claim. The decision first noted the "general rule" that, "as to the parties to the original instrument, reformation relates back to the date of the original instrument." Given that Plaintiffs were not parties to the original 2005 instrument that, as reformed, created the easement, and noting reformation is a form of equitable relief, the decision stated that Judgment 1 "specifically stated . . . that the easement at issue would be effective 'upon the recording of'" Judgment 1. As a result, the decision found it was "equitable for the easement to run from July, 2008 instead of . . . the date of the original deed between" the Murpheys and the Browns. The decision added that Plaintiffs had provided

> no authority for the proposition that, as third parties to the original instrument, they are entitled to receive the benefits of the reformed instrument. Therefore, this Court finds that the easement at issue was effective, as to Plaintiffs, when the July, 2008 Judgment was recorded on July 18, 2008. Therefore, Defendants Brown[s'] acts before that date relating to the easement are not relevant to Plaintiffs' interference claim.

The decision then found Plaintiffs failed to prove the Browns "intentionally and unreasonably" interfered with the easement after July 18, 2008 and, alternatively, even if the Browns "acted intentionally and unreasonably in relation to the easement after [Judgment 1] was issued, Plaintiffs have not provided sufficient evidence that they were damaged."

¶16 Plaintiffs unsuccessfully moved for a new trial, claiming the superior court erred and lacked jurisdiction to find the easement came into existence when Judgment 1 was recorded. *See* Ariz. R. Civ. P. 59. After the case was assigned to a different judicial officer, a judgment reflecting the result of the trial was entered resolving all remaining claims as to all parties and awarding $75,000 in attorneys' fees to the Browns pursuant to Arizona Revised Statutes (A.R.S.) section 12-341.01 (Judgment 3). This court has jurisdiction over Plaintiffs' timely appeal from Judgment 3 pursuant to the Arizona Constitution, Article 6, Section 9, and A.R.S. §§ 12-2101(A)(1) and -120.21(A)(1).

## DISCUSSION

**I. The Superior Court Did Not Exceed Its Jurisdiction Or Abuse Its Discretion In Determining The Effective Date Of The Easement At The Trial Resulting In Judgment 3.**

¶17 Judgment 1 established the existence of the easement across the north parcel for the benefit of the south parcel. On appeal, Plaintiffs argue Judgment 3 improperly sets July 18, 2008 as the effective date for the easement, which Plaintiffs claim is contrary to prior rulings (including Judgment 2) indicating the easement became effective in 2005. More specifically, Plaintiffs argue that, by the time Judgment 3 was entered, the superior court did not have jurisdiction to find July 18, 2008 was the effective date for the easement and, to the extent it had jurisdiction, the court abused its discretion in doing so by allowing a horizontal appeal contrary to the law of this case that deprived them of a fair trial.

¶18 Plaintiffs are correct in asserting that "a superior court judge has no jurisdiction to review or change the judgment of another superior court judge when the judgment has become 'final.'" *Davis*, 195 Ariz. at 161 ¶ 11, 985 P.2d at 646. As noted above, Judgment 1 became final long ago and is binding on all parties to this appeal. *See Fraternal Order of Police v. Superior Court*, 122 Ariz. 563, 565, 596 P.2d 701, 703 (1979). Plaintiffs argue Judgment 1 determined the effective date of the easement was the 2005 transfer of the north parcel from the Murpheys to the Browns, meaning the superior court lacked jurisdiction to specify July 18, 2008 as the effective date of the easement in Judgment 3. Judgment 1, however, expressly states the easement "shall be effective upon the recording of this judgment," which occurred on July 18, 2008.[2] Moreover, although Plaintiffs could have cross-appealed Judgment 1 to challenge the effective date, they did not do so.

¶19 Alternatively, Plaintiffs argue Judgment 2 meant the court lacked jurisdiction to hold the easement was effective July 18, 2008 in Judgment 3. As noted above, however, the Browns were not parties to Judgment 2 and no claims by or against the Browns were resolved in

---

[2] At oral argument before this court, Plaintiffs' counsel indicated that the effective date language was included in Judgment 1 at the request of a title company. Regardless of the source of the language, or its reason for inclusion, the fact remains that Judgment 1 (which is a final binding judgment on the parties to this appeal) included the effective date language.

Judgment 2. Judgment 2 did not resolve the claims between Plaintiffs and the Browns or determine, as to the Browns, when Plaintiffs had a right to use the easement. Similarly, Plaintiffs have cited, and the court has found, no authority for the proposition that a judgment may be used offensively against a stranger to that judgment, who is not privy to a party to the judgment and who did not have the opportunity to challenge the judgment, to preclude litigation of an issue alleged to be impliedly addressed in the judgment. Accordingly, Plaintiffs have not shown that Judgment 2 deprived the superior court of jurisdiction to determine the effective date of the easement in Judgment 3.

**¶20** Plaintiffs next argue an interlocutory summary judgment ruling on the Browns' claims against a title company is consistent with their argument for a 2005 effective date for the reformed easement. The superior court granted summary judgment in favor of a title company on the Browns' fiduciary duty, negligence and contract claims based on the title company's failure to obtain an easement survey before the close of escrow of the transfer of the north parcel from the Murpheys to the Browns in 2005. In doing so, the court found that the Browns claims failed because they "waived their right to obtain that survey by closing escrow on sale of the property before receiving the easement survey." Even absent waiver, the court stated any easement rights "were not 'conditioned' upon a survey approval" or receipt of an easement survey, meaning the title company did not damage the Browns; "[t]his is made clear by the Arizona Court of Appeals in its memorandum decision."

**¶21** Plaintiffs have not shown how an alternative ground for entry of summary judgment on the Browns' claims against a title company finally resolves the effective date of the reformed easement in Judgment 1 as between Plaintiffs and the Browns. Plaintiffs also have not shown how an alternative ground for entry of summary judgment against the Browns on their claims against a title company precluded the superior court from addressing, at the trial leading up to Judgment 3, the effective date of the reformed easement discussed in Judgment 1 as to Plaintiffs. *See Dunlap v. City of Phoenix*, 169 Ariz. 63, 66, 817 P.2d 8, 11 (App. 1990) (noting only "a final judgment" divests superior court of jurisdiction from further consideration of an interlocutory ruling).

**¶22** Plaintiffs also argue Judgment 3 is contrary to the law of the case and is the product of an improper horizontal appeal of prior rulings regarding the effective date of the reformed easement. The "law of the case" is a "judicial policy of refusing to reopen questions previously decided in the same case by the same court." *See Powell–Cerkoney v. TCR–Mont. Ranch*

*Joint Venture, II*, 176 Ariz. 275, 278, 860 P.2d 1328, 1331 (App. 1993) (citations omitted). It is "a procedural doctrine rather than a substantive limitation on the court's power." *Id.* (citations omitted).

> A party seeks a "horizontal appeal" when it requests a second trial judge to reconsider the decision of the first trial judge in the same matter, even though no new circumstances have arisen in the interim and no other reason justifies reconsideration. We criticize horizontal appeals because they waste judicial resources by asking two judges to consider identical motions and because they encourage "judge shopping."

*Id.* at 278–79, 860 P.2d at 1331–32 (citation omitted). Although useful, "courts must not afford this procedural doctrine undue emphasis." *Id.* at 279, 860 P.2d at 1332. The doctrine does not apply when "the prior decision did not actually decide the issue in question." *Id.* The doctrine also does not prevent reconsidering a ruling for a variety of other reasons, including when the prior decision did not address the merits or when faced with a different factual record. *Id.* at 279, 860 P.2d at 1332 (citing cases). A superior court has substantial discretion in deciding to reconsider an earlier decision before the entry of judgment. *Id.*

¶23            Plaintiffs have not shown the superior court abused its discretion in determining the effective date of the easement, after a bench trial, in Judgment 3. Although previously resolving, on summary judgment, claims between Plaintiffs and the Murpheys about purported representations by the Murpheys regarding the easement that resulted in Judgment 2, at that same time, the court found issues of fact prevented final resolution of Plaintiffs' claims that the Browns intentionally interfered with the use of the easement when it became effective as to Plaintiffs. As such, the motion practice resulting in Judgment 2 did not resolve the precise issues that were resolved at and after the bench trial involving Plaintiffs and the Browns. This also is true for the summary judgment ruling against the Browns on their claims against the title company. For this reason, Plaintiffs have not shown that Judgment 3 is the product of an improper horizontal appeal. *See Powell–Cerkoney*, 176 Ariz. at 279, 860 P.2d at 1332.

¶24            The record resulting in Judgment 3 (entered after the bench trial on Plaintiffs' tortious interference claim against the Browns) was different than the record resulting in Judgment 2 (entered after summary

judgment involving Plaintiffs and the Murpheys) or the summary judgment ruling on the Browns' claims against the title company. In the parties' joint pretrial statement leading up to the bench trial, the Browns cited *Miscione v. Bishop*, 130 Ariz. 371, 373, 636 P.2d 149, 151 (App. 1981) for the proposition that reformation cannot impose retroactive liability on a party abiding by the terms of a prior document, arguing "the Browns cannot be liable in tort retroactively for interfering with an easement which became effective and enforceable solely as a result of" Judgment 1, recorded on July 18, 2008. The factual record and argument received at trial included testimony from several witnesses and nearly 100 exhibits, including evidence regarding the easement's effective date as established in Judgment 1. After trial, the superior court noted that Plaintiffs offered "no authority for the proposition that, as third parties to the original instrument, they are entitled to receive the benefits of the reformed instrument." Plaintiffs have cited no authority for the proposition that making a decision based on trial evidence is an improper horizontal appeal of pre-trial rulings addressing different claims involving different parties. *See Hall v. Smith*, 214 Ariz. 309, 317 ¶ 29, 152 P.3d 1192, 1201 (2007) (superior court did not violate law of the case in issuing ruling after receiving "a substantial amount of evidence" and "three days of trial testimony").

¶25 Nor do the cases Plaintiffs cite lead to a contrary conclusion. Many of the cases Plaintiffs cite hold there was no abuse of discretion in a superior court reconsidering a prior ruling. *See Lemons v. Superior Court*, 141 Ariz. 502, 504, 687 P.2d 1257, 1259 (1984); *Dunlap*, 169 Ariz. at 66, 817 P.2d at 11; *Powell–Cerkoney*, 176 Ariz. at 279, 860 P.2d at 1332; *see also Hibbs v. Calcot, Ltd.*, 166 Ariz. 210, 214, 801 P.2d 445, 449 (App. 1990) (expressing "disfavor" about judge reconsidering another judge's order, but addressing "the substantive issues of this appeal"). The other cases Plaintiffs cite involve issues different than those raised here and do not turn on law of the case/horizontal appeal concerns. *See Davis*, 195 Ariz. at 161 ¶ 10, 164 ¶ 24, 985 P.2d at 646, 649 (holding second judge "erred by merely reviewing the transcript of the trial held before" a different judge "rather than taking original testimony" to assess credibility); *Dunn v. Superior Court*, 160 Ariz. 311, 315, 772 P.2d 1164, 1168 (App. 1989) (noting "assignment authority of the presiding judge does not include the power to exercise a 'horizontal appeal' and overrule a fellow judge on decisions of substance such as the timeliness of a change of judge").

¶26 Plaintiffs argue they were deprived of a fair trial by the decision that the easement became effective as to them on July 18, 2008. Much of this argument is based on Plaintiffs' claim that they incurred "significant damages . . . between August 2006 and July 2008" and the

"Browns' interference was intentional." But such damages are premised on Plaintiffs' ability to claim the benefit of the easement before July 18, 2008, a premise the superior court rejected after the bench trial.

**¶27** Similarly, Plaintiffs have not shown the superior court erred in finding their claimed lost profits were too speculative and that they did not prove compensable damages, particularly given trial evidence that the road blockage was removed a few days before July 18, 2008. *See, e.g.*, *Federoff v. Pioneer Title & Trust Co. of Ariz.*, 166 Ariz. 383, 388, 803 P.2d 104, 109 (1990) (noting this court's "duty begins and ends with inquiring whether the trial court had before it evidence that might reasonably support its action when viewed in the light most favorable to sustaining the findings"); *Rancho Pescado, Inc. v. Nw. Mut. Life Inc. Co.*, 140 Ariz. 174, 184, 680 P.2d 1235, 1245 (App. 1984) (noting plaintiff must first establish "a reasonably certain factual basis for computation of lost profits"). Plaintiffs correctly note that once a party establishes a right to damages, "uncertainty as to the amount of damages does not preclude recovery." *Broadway Realty & Trust v. Gould*, 136 Ariz. 236, 238, 665 P.2d 580, 582 (App 1983). The trial record, however, supports the superior court's finding that Plaintiffs failed to prove with reasonable certainty a right to damages based on the court's decision about the effective date of the easement. *See, e.g.*, *Federoff*, 166 Ariz. at 388, 803 P.2d at 109.

**¶28** For these reasons, Plaintiffs have not shown the superior court lacked jurisdiction to determine, or abused its discretion in determining, the effective date of the easement as to Plaintiffs' tortious interference with easement claim against the Browns, that they were denied a fair trial or that the court erred in finding Plaintiffs failed to prove compensable damages. *See Fraternal Order*, 122 Ariz. at 565, 596 P.2d at 703; *Powell–Cerkoney,* 176 Ariz. at 279, 860 P.2d at 1332; *Federoff*, 166 Ariz. at 388, 803 P.2d at 109; *Rancho Pescado*, 140 Ariz. at 184, 680 P.2d at 1245.

**II.     The Superior Court Erred In Awarding The Browns Attorneys' Fees Under A.R.S. § 12-341.01.**

**¶29** The superior court awarded the Browns $75,000 in attorneys' fees pursuant to A.R.S. § 12-341.01(A), which provides for a discretionary fee award to the successful party in a "contested action arising out of contract." Plaintiffs argue their tortious interference with easement claim against the Browns "is a separate tort claim (that does not 'arise out of contract')" and, therefore, is not eligible for a fee award under A.R.S. § 12-

12

341.01.[3] This court reviews de novo the application of A.R.S. § 12-341.01(A). *Ramsey Air Meds., L.L.C. v. Cutter Aviation, Inc.*, 198 Ariz. 10, 13 ¶ 12, 6 P.3d 315, 318 (App. 2000) (citation omitted).

¶30 The Browns correctly state that, under A.R.S. § 12-341.01, an action may arise out of contract even if a litigant was not a party to a contract or the judgment is based on the lack of a contract. The Browns also cite *Marcus v. Fox*, where the Arizona Supreme Court noted that a tort claim could provide the basis for a fee award under A.R.S. § 12-341.01 "'as long as the cause of action in tort could not exist but for the breach of the contract.'" 150 Ariz. 333, 335, 723 P.3d 682, 684 (1986) (quoting *Sparks v. Republic National Life Ins. Co.*, 132 Ariz. 529, 543, 647 P.2d 1127, 1141 (1982)). *Marcus* added, however, that a fee award is not available under A.R.S. § 12-341.01 "based on the mere existence of a contract somewhere in the transaction." 150 Ariz. at 335, 723 P.2d at 864; *accord Robert E. Mann Const. Co. v. Liebert Corp.*, 204 Ariz. 129, 134 ¶ 15, 60 P.3d 708, 713 (App. 2003) (citing cases). As conceded by the Browns at oral argument, Plaintiffs and the Browns are not, and have never been, parties to a contract with each other.

¶31 The Browns sought fees based on "the successful defense against plaintiffs' claim for interference with easement." As applicable here, when a tort claim is based on a legal (as opposed to a contractual) duty, "that claim sounds fundamentally in tort, not contract," meaning attorneys' fees are not available under A.R.S. § 12-341.01. *Ramsey Air Meds.*, 198 Ariz. at 15–16 ¶¶ 25, 27, 6 P.3d at 320–21; *Barmat v. John and Jane Doe Partners A-D*, 155 Ariz. 519, 523, 747 P.2d 1218, 1222 (1987). A claim for interference with easement is a tort. *See Pinkerton v. Pritchard*, 71 Ariz. 117, 123, 223 P.2d 933, 937 (1950). In addition, an easement need not originate in contract. Restatement (Third) of Property: Servitudes § 2.1 (2000). A claim for tortious interference with easement does not require a showing of a contract breach and is not premised on the existence of a contract. Instead, the law imposes a legal (as opposed to a contractual) duty not to unreasonably interfere with another's use of an easement, and a cause of action for such interference arises out of a breach of that legal duty, not any contractual breach. *See Gamburg v. Cooper*, 131 Ariz. 545, 546, 642 P.2d 890, 892 (1982); *see also* Restatement (Third) of Property: Servitudes § 4.9(1) cmt. c.

---

[3] Although Plaintiffs claim the Browns waived any claim for attorneys' fees, the Browns' answer to Plaintiffs' amended complaint timely claimed fees pursuant to A.R.S. § 12-341.01.

(easement is "nonpossessory interest" that cannot be unreasonably interfered with).

**¶32**  Here, in pressing a tortious interference with easement claim, Plaintiffs were not required to show any contract breach, nor were they required to show the easement was created by contract. *See Gamburg*, 131 Ariz. at 546, 642 P.2d at 892. The duty not to interfere with the easement was a duty imposed by law, not by contract. *See Ramsey Air Meds*, 198 Ariz. at 15–16 ¶¶ 25, 27, 6 P.3d at 320–21. Accordingly, the Browns have not shown how the tortious interference with easement claim "could not exist but for the breach of the contract." *Marcus*, 150 Ariz. at 335, 723 P.3d at 684 (quoting *Sparks*, 132 Ariz. at 543, 647 P.2d at 1141).

**¶33**  Analogous case law construing A.R.S. § 12-341.01 is in accord. For example, although a tortious intentional interference with contract claim requires "the existence of a valid contractual relationship," such a claim has been found to not "arise out of contract" under A.R.S. § 12-341.01 because the "duty not to interfere with the contract of another arises out of law, not contract." *Bar J Bar Cattle Co. v. Pace*, 158 Ariz. 481, 486, 763 P.2d 545, 550 (1988); *accord Cashway Concrete & Materials v. Sanner Contracting Co.*, 158 Ariz. 81, 83, 761 P.2d 155, 157 (App. 1988) (although contract breach is "factual predicate" to materialman's lien foreclosure action, such a claim "exists against those who are foreign to the contract" and does not "arise out of the contract" under A.R.S. § 12-341.01); *Liebert Corp.*, 204 Ariz. at 134 ¶ 16, 60 P.3d at 713 (products liability claim, even though founded on contractual relationship, did not arise out of contract for purposes of A.R.S. § 12-341.01); *Ramsey Air Meds*, 198 Ariz. at 16 ¶ 28–29, 6 P.3d at 321 (noting airplane pilot owed legal duty of care "without consideration of any contract terms between the parties," and vacating fee award). Because Plaintiffs' tortious interference with easement claim did not arise out of contract under A.R.S. § 12-341.01, the award of attorneys' fees to the Browns under that statute is vacated.

**CONCLUSION**

**¶34**          Because Plaintiffs have not shown the superior court lacked jurisdiction or erred in determining the effective date of the easement, that portion of the judgment is affirmed. Because Plaintiffs' tortious interference with easement claim did not arise out of contract, that portion of the judgment awarding $75,000 in attorneys' fees in favor of the Browns and against Plaintiffs pursuant to A.R.S. § 12-341.01(A) is vacated. Similarly, the Browns' request for an award of attorneys' fees on appeal pursuant to A.R.S. § 12-341.01 is denied.



Ruth A. Willingham · Clerk of the Court
FILED: ama