# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 51566-1-II |
| Respondent, | |
| v. | |
| DAVID WILLIAM HAUG, | UNPUBLISHED OPINION |
| Appellant. | |

SUTTON, J. — David W. Haug appeals the trial court's ruling denying his motion to suppress the evidence that led to his bench trial conviction for unlawful possession of a controlled substance. He also challenges some of the legal financial obligations (LFOs) imposed by the trial court.

Because the facts and circumstances within the arresting officer's knowledge were not sufficient to warrant a person of reasonable caution to believe that a crime had been or was being committed, the trial court erred when it concluded that the officer had probable cause to arrest Haug. Accordingly, we reverse the trial court's denial of Haug's motion to suppress evidence, vacate Haug's conviction and LFOs, and remand for further proceedings.

FACTS

I. BACKGROUND[1]

On December 7, 2017, City of Toledo Police Officer Coleman Nelson observed a notice on the department's "whiteboard" advising that after December 7, no one was allowed at a specific residence on St. Helens Street. Clerk's Papers (CP) at 8-9. Officer Nelson confirmed this information with his chief, who told Nelson that the property was being sold and that no one was allowed on the property.

On December 13, Officer Nelson observed Haug leaving the St. Helens Street residence. When Officer Nelson contacted Haug outside the residence, Haug said that he lived there and that he was picking up his belongings. Haug also stated that he never received an eviction notice and that although he had been told there was an eviction notice posted on the front door, he had not seen it. Officer Nelson attempted to contact the homeowner Judy Rogers but was only able to leave a voicemail asking her to return his call. Officer Nelson allowed Haug to leave.

The next day, Rogers's daughter, Megan Littleton, contacted Officer Nelson. Littleton told Nelson that Haug was a former tenant and that they were having trouble getting him to leave the residence. She also told Nelson that "she had gotten an eviction order for the property and she

---

[1] The facts in this subsection are drawn from the unchallenged findings of fact entered following the suppression hearing. *State v. Hill*, 123 Wn.2d 641, 644, 870 P.2d 313 (1994) (unchallenged findings of fact are verities on appeal).

We note that although Haug assigns error to several of the trial court's findings of fact, he does not present any argument in support of these assignments of error. Accordingly, we do not address whether the evidence supports those findings of fact and treat them as unchallenged findings of fact. RAP 10.3(a)(6); *State v. Harris*, 164 Wn. App. 377, 389 n.7, 263 P.3d 1276 (2011) (assignment of error is waived when no argument or legal authority related to the issue is presented in the brief).

handed Haug an eviction letter that instructed [him] to vacate the premises the last day of November 2017." CP at 9-10. Littleton told Officer Nelson that she also taped the eviction notice to the front door. But she further stated that she subsequently gave Haug permission to stay in the residence until December 7. Littleton told Officer Nelson that she wanted to pursue burglary charges against Haug. "Rogers, who was with . . . Littleton during the phone call, also told Officer Nelson that she wanted to pursue charges" against Haug. .

Following this conversation, without further investigating whether Haug had been legally evicted, Officer Nelson located Haug and arrested him for burglary. During an inventory search at the jail, officers found a controlled substance in Haug's wallet. The State charged Haug with unlawful possession of a controlled substance.

## II. PROCEDURE

### A. MOTION TO SUPPRESS

Haug moved to suppress the controlled substance evidence. He asserted that the inventory search that led to the discovery of the controlled substance was improper because Officer Nelson lacked probable cause to arrest Haug for burglary.

Officer Nelson and Haug were the only witnesses to testify at the suppression hearing. Nelson testified consistent with the facts set out above.

Haug testified that the property owner was trying to sell the property and wanted him to move out. But he denied ever seeing an eviction notice on the property and asserted that he had told Officer Nelson so. Haug also denied telling Officer Nelson that he (Haug) was there to pick up some things and leave. Haug further testified that he "had paid rent for December" and that he was still paying utilities. Report of Proceedings (RP) at 32; CP at 10.

3

Following this testimony, the State argued that the arrest was based on probable cause, "based on the information the officer had at the time." RP at 35. The State asserted that Officer Nelson had relied on the notice on the white board and the information from his chief, and that Officer Nelson "spoke to [Rogers] and [Littleton] on the phone" and corroborated that information. RP at 35.

Haug argued that there was no probable cause to suspect a burglary because the evidence that Haug had been properly served with the eviction notice was insufficient. He further argued that regardless of whether the eviction notice was served, Haug had been authorized to stay in the residence "into December" so, "under landlord-tenant law," any "eviction notice is gone." RP at 7.

The trial court denied the motion to suppress and issued written findings of fact and conclusions of law. In addition to finding the facts described above in section I, the trial court also found that "Haug had paid rent for December, along with paying the utility bills for December." CP at 10.

Based on those facts, the trial court concluded, in part:

2. Officer Nelson relied on information that was provided by his department, a fellow officer, and by the homeowner and the homeowner's daughter. *It was reasonable for Officer Nelson to rely on this information.*

. . . .

5. There was probable cause for criminal trespass in the second degree, criminal trespass in the first degree, and because of the statutory inference of an intent to commit a crime when someone unlawfully enters a residence, residential burglary. Any one of these offenses provided a basis for arrest and would be a basis to search Haug's person.

6. The inventory search of the Defendant at the jail was lawful.

CP at 10-11 (emphasis added).

4

B.  BENCH TRIAL AND SENTENCING

After the trial court denied the motion to suppress, Haug agreed to a stipulated facts bench trial.  The trial court found Haug guilty of unlawful possession of a controlled substance.  At sentencing, the trial court imposed several legal financial obligations (LFOs).

Haug appeals.

ANALYSIS

Haug challenges the trial court's order denying his motion to suppress and the imposition of certain LFOs.  Haug argues that the trial court erred when it concluded that Officer Nelson had probable cause to arrest Haug.[2, 3]  We agree and reverse the trial court's denial of the motion to suppress, vacate Haug's conviction and LFOs, and remand for further proceedings.

I.  STANDARD OF REVIEW

We review the trial court's denial of a suppression motion to determine whether substantial evidence supports the challenged findings of fact and whether these findings in turn support the trial court's conclusions of law.  *State v. Mendez*, 137 Wn.2d 208, 214, 970 P.2d 722 (1999), *overruled on other grounds by Brendlin v. California*, 551 U.S. 249, 127 S. Ct. 2400, 168 L. Ed. 2d 132 (2007).  We consider unchallenged findings of fact to be verities on appeal.  *State v. Hill*,

---

[2] This argument relates to the trial court's conclusion of law 5.  CP at 10.  Haug assigns error to this conclusion of law.

[3] Haug also argues that Officer Nelson's reliance on the information provided by his department, Rogers, and Littleton was reasonable under *Aguilar-Spinelli*.  *Aguilar v. Texas*, 378 U.S. 108, 84 S. Ct. 1509, 12 L. Ed. 2d 723 (1964); *Spinelli v. United States*, 393 U.S. 410, 89 S. Ct. 584, 21 L. Ed. 2d 637 (1969).  Because we reverse on other grounds, we do not address *Aguilar-Spinelli*.

123 Wn.2d 641, 644, 870 P.2d 313 (1994).  We review conclusions of law de novo.  *Mendez*, 137 Wn.2d at 214.

## II.  NO PROBABLE CAUSE

Haug argues that the trial court erred when it concluded that Officer Nelson had probable cause for arrest because the evidence was insufficient to show that he (Haug) unlawfully entered or remained in the building.  He contends that Officer Nelson had no reason to believe "that Haug was not 'licensed, invited, or otherwise privileged to enter or remain' inside his house" because Haug denied having been served with the eviction notice and there was no additional evidence corroborating Rogers's and Littleton's assertions that he had been lawfully evicted and was not allowed on the premises.  Br. of Appellant at 15 (quoting RCW 9A.52.010(2)[4]).

Article I, section 7 of the Washington Constitution and the Fourth Amendment to the United States Constitution both require that arrests be supported by probable cause.  *State v. Graham*, 130 Wn.2d 711, 724, 927 P.2d 227 (1996).  "Probable cause exists where the facts and circumstances within the arresting officer's knowledge and of which the officer has reasonably trustworthy information are sufficient to warrant a person of reasonable caution in a belief that an offense has been committed."  *Graham*, 130 Wn.2d at 724 (quoting *State v. Terrovona*, 105 Wn.2d 632, 643, 719 P.2d 295 (1986)).

---

[4] Haug cites to RCW 9A.52.010(3), but the correct citation for the quoted language is RCW 9A.52.010(2).

Whether probable cause exists depends on the totality of the circumstances. *State v. Inman*, 2 Wn. App. 2d 281, 288, 409 P.2d 1138, *review denied*, 190 Wn.2d 1022 (2018).

To establish probable cause, Officer Nelson was required to have knowledge of facts sufficient to cause a person of reasonable caution to believe that an offense had been committed. Here, although Rogers and her daughter stated that Haug had no authority to be in the residence after December 7, Haug's assertion that he had not been served with an eviction notice, the failure of any party to show that a writ of restitution had been issued,[5] and Littleton's statement to Officer Nelson that she had agreed to allow Haug to stay in the residence after the eviction notice was allegedly posted, all would make a reasonable person question whether Haug had been lawfully evicted from the property and whether he still had authority to enter the residence. Thus, without following up to determine if a writ of restitution requiring Haug to vacate the property had been issued, Officer Nelson did not have probable cause to arrest Haug.

---

[5] RCW 59.18.410.

No. 51566-1

Because Officer Nelson did not have probable cause to arrest Haug, the trial court erred when it concluded that there was probable cause for the arrest. Accordingly, we reverse the trial court's denial of Haug's motion to suppress, vacate Haug's conviction and LFOs, and remand for further proceedings

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

SUTTON, J.

We concur:

MELNICK, P.J.

GLASGOW, J.

8